IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| BENJAMIN MATTHEWS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 16-03211-CV-S-RK ) |
| BNSF RAILWAY COMPANY, | ) ) |
| Defendant. | ) |

## ORDER

Before the Court is Defendant's Motion for Reconsideration of Motion to Dismiss for Lack of Jurisdiction or for Improper Venue, or Alternative Request to Stay the Proceedings (doc. 33) (the "motion for reconsideration"). Defendant seeks reconsideration of the Order (doc. 15) denying its Motion to Dismiss (doc. 9) (the "motion to dismiss") for lack of personal jurisdiction. Alternatively, Defendant seeks a stay of proceedings, pending certain rulings by the United States Supreme Court. Upon review, the motion for reconsideration will be **GRANTED** and this action will be **TRANSFERRED** to the United States District Court for the District of Nebraska.

### I. Background

Defendant removed this matter to federal court from the Circuit Court of Greene County, Missouri, on June 3, 2016. (Doc. 1.) Plaintiff then filed an Amended Complaint (doc. 7) (the "complaint") as a matter of right, claiming violations of the Americans with Disabilities Act ("ADA") and the Missouri Human Rights Act ("MHRA").

According to the complaint, Defendant, a Delaware corporation, maintains a registered agent in the state of Missouri, and is engaged in business in Missouri. (Doc. 7 at 2.) Plaintiff is a resident of Missouri who applied for a position of conductor with Defendant from his home in Missouri. He was hired as a "conductor trainee" in McCook, Nebraska. Plaintiff alleges that he understood the position of conductor was to be "nationwide" by virtue of the agreement with the union. Plaintiff further alleges that he intended to use the seniority he accumulated during his training to work in Missouri. Before Plaintiff began his employment, he claims that he underwent testing at his home in Missouri and at a healthcare provider in Missouri. Also, during the time Plaintiff worked in Nebraska, Defendant withheld Missouri employment taxes from

Plaintiff's pay. Ultimately, Plaintiff was terminated from the position and was sent a certified letter to his address in Missouri informing him of the termination.

In response to the complaint, Defendant moved to dismiss the action under Rule 12(b)(2) of the Federal Rules of Civil Procedure for lack of personal jurisdiction. On September 30, 2016, the Court denied the motion to dismiss, holding that Defendant had consented to personal jurisdiction.[1] Defendant now seeks reconsideration of this decision in light of the Missouri Supreme Court's recent ruling in *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41 (Mo. 2017 en banc).

II. **The Prior Order Denying the Motion to Dismiss for Lack of Personal Jurisdiction**

In his opposition to the motion to dismiss, Plaintiff raised two arguments in support of personal jurisdiction. First, he asserted that Defendant consented to personal jurisdiction because it maintains a registered agent in Missouri. (Doc. 13 at 6-10.) Second, he argued that, even if Defendant has not consented, the Court has personal jurisdiction over Defendant under Missouri law. (*Id.* at 10-18.)

The Court agreed with Plaintiff's first argument and denied the motion to dismiss for lack of personal jurisdiction, finding that "Defendant is registered to do business in Missouri and has a registered agent for service of process." (Doc. 15 at 5.) Thus, "in concert with established Eighth Circuit and Supreme Court precedent," the Court held that Defendant had consented to personal jurisdiction. (*Id.* at 5-6.) Because this resolved the issue of personal jurisdiction, the Court did not address whether it could exercise specific or general personal jurisdiction over Defendant absent consent.

Since then, the Missouri Supreme Court has held that "[t]he plain language of Missouri's registration statutes does not mention consent to personal jurisdiction for unrelated claims, nor does it purport to provide an independent basis for jurisdiction over foreign corporations that register in Missouri." *Dolan*, 512 S.W.3d at 51. Furthermore,

> the registration statute does not provide an independent basis for broadening Missouri's personal jurisdiction to include suits unrelated to the corporation's forum activities when the usual bases for general jurisdiction are not present. To

---

[1] Defendant also moved to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3). However, the Court found that Defendant did not meet its burden of establishing improper venue. (Doc. 15 at 7.) In addition, upon consideration of convenience and the interests of justice, the Court declined to transfer the action pursuant to 28 U.S.C. § 1404(a). (Doc. 18.)

2

the extent the holdings or dicta in prior cases suggest otherwise, they go beyond the language of the relevant statutes and should no longer be followed.

*Id*. at 52.

Consequently, because the Missouri Supreme Court has clarified that Missouri law "provides only that registration is consent to service of process," it follows that the original basis for the exercise of personal jurisdiction over Defendant is no longer valid. *Id*. Plaintiff does not oppose this point. As a result, the prior order denying the motion to dismiss will be set aside as to the issue of personal jurisdiction, and the Court will reconsider said motion in light of Plaintiff's second argument, that even if Defendant did not consent, the Court still has personal jurisdiction over it under Missouri law.

### III. The Motion to Dismiss under Rule 12(b)(2) for Lack of Personal Jurisdiction

Defendant contends the Court lacks personal jurisdiction over it. Pursuant to Rule 12(b)(2), an action may be dismissed if the district court lacks personal jurisdiction over the defendant. "To allege personal jurisdiction, a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendant can be subjected to jurisdiction within the state." *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474-75 (8th Cir. 2012) (citations, quotations marks and alteration omitted). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id*. The showing of jurisdiction "must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (internal quotation marks omitted).

By way of overview, the Court notes that absent waiver or consent, "[p]ersonal jurisdiction can be specific or general." *Fastpath, Inc. v. Arbela Techs. Corp.*, 760 F.3d 816, 820 (8th Cir. 2014) (citation omitted). "Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state, while general jurisdiction refers to the power of a state to adjudicate any cause of action involving a particular defendant, regardless of where the cause of action arose." *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 593 (8th Cir. 2011).

#### a. Specific Jurisdiction

According to Defendant, all of the alleged conduct relevant to Plaintiff's claims occurred in Nebraska where Plaintiff was working as a conductor trainee. Plaintiff focuses mainly on

specific jurisdiction in his response, arguing that the Court has sufficient reasons to exercise specific personal jurisdiction over Defendant. Specific jurisdiction "requires a relationship between the forum, the cause of action, and the defendant." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 912 (8th Cir. 2012) (citation omitted). This occurs "when the defendant purposely directs its activities in the forum state and the litigation results from injuries relating to the defendant's activities in the forum state." *Id.* at 912-13. The relationship between a defendant's contacts and the cause of action is not restricted to a proximate cause standard but should take into account the "totality of the circumstances." *Id.* The exercise of specific jurisdiction is appropriate only if authorized by the forum state's long-arm statute and permitted by the Due Process Clause of the Fourteenth Amendment. *Bryant v. Smith Interior Design Grp., Inc.*, 310 S.W.3d 227, 231 (Mo. 2010).

### 1. Minimum Contacts

Due process requires that the defendant has sufficient "minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945) (internal quotation marks and citation omitted). Generally, "those who live or operate primarily outside a State have a due process right not to be subjected to judgment in its courts." *J. McIntyre Mach., Ltd. v. Nicastro,* 564 U.S. 873, 881 (2011) (plurality opinion). However, sufficient minimum contacts exist when "the defendant's conduct and connection with the forum are such that he should reasonably anticipate being haled into court there." *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). In evaluating "reasonable anticipation" the court must determine whether there is "some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum state, thus invoking the benefits and protections of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985).

Plaintiff argues two independent reasons for specific jurisdiction. First, he states that he "took online tests for the position" from his home in Missouri and also "underwent physical testing for the position" in Missouri. (Doc. 13-1 at 2.) Second, he asserts that Defendant sent a termination letter to his home in Missouri. *Id.* Thus, Plaintiff argues that Defendant can hardly claim surprise at being haled into court in Missouri for its actions in terminating Plaintiff.

As for Plaintiff's first reason, the record indicates that Defendant did not direct where Plaintiff was to undergo the testing at issue. Rather, Plaintiff chose to undergo aptitude testing

from his home computer in Missouri, and to undergo a medical review near his home in Missouri, both at his option. (Doc. 10-4 at 2.) Furthermore, testing and evaluation of Plaintiff as part of his necessary training took place in Nebraska, not Missouri. *Id*. Thus, based on Plaintiff's reasoning, if, while on vacation, he had completed the aptitude testing on his laptop at an airport in Arizona, then had medical testing done in Hawaii, then both of those states could exercise personal jurisdiction over Defendant. However, the "purposeful availment" requirement ensures that a defendant will not be haled into a jurisdiction solely as the result of "the unilateral activity of another party." *Burger King*, 471 U.S. at 475. Additionally, because Plaintiff chose where the testing was to occur, Defendant's actions created a relationship with Plaintiff only, not with the state of Missouri. *See Walden v. Fiore*, 134 S.Ct. 1115, 1121-22 (2014) (due process requires the defendant's suit-related conduct must create a substantial connection with the forum state arising out of contacts that the defendant creates with the forum state itself, not with persons who reside there). Accordingly, as for this basis, Plaintiff has failed to show that Defendant "engage[d] in any activities in [Missouri] that reveal an intent to invoke or benefit from the protection of its laws." *J. McIntyre*, 564 U.S. at 887 (plurality opinion).

Second, Plaintiff asserts that the termination letter was mailed to his home in Missouri. According to Plaintiff, his claim against Defendant "arises directly from the termination and failure to accommodate." (Doc. 13 at 18.) However, Plaintiff does not dispute that the disapproval letter terminating him from employment was hand-delivered to him in Nebraska before it was mailed to his address in Missouri. (Doc. 10-4 at 3.) Thus, it appears that the act of termination on which the complaint is based occurred not in Missouri, but in Nebraska. Furthermore, the "use of interstate facilities, such as telephones or mail, is a secondary or ancillary factor and cannot alone provide the minimum contacts required by due process." *Bell Paper Box, Inc. v. Trans W. Polymers, Inc.,* 53 F.3d 920, 923 (8th Cir. 1995); *see also Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd.*, 89 F.3d 519, 523 (8th Cir. 1996) ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction"). As a result, the Court finds that the mailing of the termination letter to Missouri, subsequent to the hand-delivery of the same letter in Nebraska, shows neither purposeful availment, nor a substantial connection with Missouri.

Based on the foregoing, Plaintiff has not shown that Defendant had sufficient minimum contacts with Missouri to satisfy due process. Consequently, upon reconsideration of the motion to dismiss, the Court concludes it lacks specific personal jurisdiction over Defendant.

  **b.**  **General Jurisdiction**

Plaintiff also briefly argues that the Court has general jurisdiction over Defendant, claiming that Defendant's "relationship with the state [of Missouri] is otherwise extensive and continuous." (Doc. 13 at 18.) In the complaint, however, the only allegation regarding general jurisdiction is that Defendant "is engaged in business in the State of Missouri." (Doc. 7 at 1.) In his response to the motion to dismiss, Plaintiff adds that he "is aware of [Defendant] maintaining an office in Greene County, Missouri." (Doc. 13 at 19.)

General jurisdiction refers to the exercise of personal jurisdiction "in a suit not arising out of or related to the defendant's contacts with the forum." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 415 n.9 (1984). Two recent Supreme Court cases have refined the standard for whether a court has general jurisdiction over a corporation. *See Daimler AG v. Bauman*, 134 S.Ct. 746, 754 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). Ordinarily, a court may "exercise general jurisdiction over a corporation only when the corporation's place of incorporation or its principal place of business is in the forum state." *Dolan*, 512 S.W.3d at 46 (*citing Goodyear*, 564 U.S. at 919; *Daimler*, 134 S.Ct. at 754). In "exceptional cases," general jurisdiction may exist in another state if the corporation's activities in that other state are "so substantial and of such a nature as to render the corporation at home in that State." *Id*. (*citing Daimler,* 134 S.Ct. at 761 n.19). Missouri courts "rarely exercise general jurisdiction over non-resident defendants." *Sloan-Roberts v. Morse Chevrolet, Inc.*, 44 S.W.3d 402, 410 (Mo. App. 2001).

In this matter, Plaintiff agrees Defendant is incorporated in Delaware, and does not contest that Defendant's principal place of business is in Fort Worth, Texas. (Docs. 7 at 1, 10-1 at 1.) Furthermore, the complaint offers only the conclusory assertion that Defendant does business in Missouri. Plaintiff's response to the motion to dismiss makes the additional allegation that Defendant has an office in the state. Standing alone, this allegation fails to show that Defendant's contacts with Missouri are "so substantial" as to render it "at home" in Missouri. Based on the high threshold of business activity required under *Goodyear* and

*Daimler*, Plaintiff has failed to show that the Court may exercise general jurisdiction over Defendant.

### c. Jurisdictional Discovery

In an abundance of caution, Plaintiff also asks to conduct discovery on the issue of the nature and extent of Defendant's contacts with the state of Missouri. Plaintiff states that he believes "these contacts will be shown to be numerous and systematic" and that Defendant maintains an office in Greene County, Missouri. (Doc. 13 at 19.) However, "when a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, a court is within its discretion in denying jurisdictional discovery." *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1074 n.1 (8th Cir. 2004) (citation omitted). Here, Plaintiff's belief as to the nature of Defendant's contacts with Missouri, coupled only with the vague assertion that Defendant has an office in the state, appears to be based on speculation and conclusions. Accordingly, without more, Plaintiff's request to conduct jurisdictional discovery will be denied.

### d. Transfer under 28 U.S.C. § 1631

Plaintiff contends that in the event the Court determines that it lacks personal jurisdiction over Defendant upon reconsideration, this matter should be transferred pursuant to 28 U.S.C. § 1631. Defendant agrees that, as an alternative to dismissal, the Court may transfer the case to federal court in Nebraska or Texas. Under 28 U.S.C. § 1631, upon a finding of a want of jurisdiction, "if it is in the interest of justice," a court shall transfer the action to another court where the action could have been brought. Here, the Court finds that the interest of justice requires transfer of the case to federal court in Nebraska for further proceedings.

For the reasons set forth above, it is **ORDERED** that:

1. Defendant's Motion for Reconsideration (doc. 33) is **GRANTED**; and
2. Because the Court lacks personal jurisdiction over Defendant, this action is **TRANSFERRED** to the United States District Court for the District of Nebraska pursuant to 28 U.S.C. § 1631.

**IT IS SO ORDERED.**

                                                  s/ Roseann A. Ketchmark
                                                  ROSEANN A. KETCHMARK, JUDGE
                                                  UNITED STATES DISTRICT COURT

DATED: May 23, 2017